LEE ADELSON et al., Respondents, *v.* GEORGE DREYMAN et al., Appellants.

JOHN J. O'CONNOR, as Referee, Respondent.

First Department, January 31, 1949.

*Lewis Ginsburg* for George Dreyman and George Dreyman, Inc., appellants.

*George F. Keane* and *Joseph J. Kozinn* of counsel (*Horstmann & Kozinn,* attorneys), for Morris Goldberg and Isidore Goldberg, appellants.

*Moses H. Rothman* of counsel (*Luria & Edelman,* attorneys), for plaintiffs-respondents.

*Joseph D. Schenck* of counsel (*John J. O'Connor* in person), for John J. O'Connor, as referee, respondent.

CALLAHAN, J.  In 1941, Lee Adelson (acting for Samuel Adelson), Isidore Goldberg (acting for Morris Goldberg) and George Dreyman entered into an agreement of joint venture for the erection of a defense housing project in Scott Township, Pennsylvania.  The construction contract had been obtained from the United States Government in the name of George Dreyman, Inc., on behalf of the adventurers.

During the course of the work disputes arose between the parties.  This led to the commencement of the present action by Lee Adelson for an accounting and a receivership against Isidore Goldberg, George Dreyman and George Dreyman, Inc.

The plaintiff Lee Adelson having moved for the appointment of a temporary receiver, the parties stipulated for the

entry of an interlocutory judgment. The stipulation also provided for the joining of Samuel Adelson as a party plaintiff and Morris Goldberg as a party defendant to the action. It was further stipulated that the existing pleadings were to stand as the pleadings in the action, and that Morris Goldberg should have the right to file an answer.

The interlocutory judgment entered pursuant to the stipulation directed the filing of accounts by the several parties, and that the issues on the exceptions to said accounts and " such other issues as may be raised by the pleadings " be tried before a referee named by the court, who was to take and state the accounts as well as hear and determine any other issues raised by the pleadings, and report to the court.

The construction job had not been completed nor the contract price fully paid at the time that the interlocutory judgment was entered.

The principal account was filed by the defendant George Dreyman, Inc., which had collected the payments as general contractor under the construction contract. This account was not in proper debtor-creditor form showing actual receipts and disbursements, and the objections thereto were in blanket rather than specific form (see Rules Civ. Prac., rule 174).

While primarily alleging the right to an accounting, the complaint in this action also contained allegations that the defendants had fraudulently misappropriated venture funds. The corporate defendant admitted the receipt of various payments from the Government and conceded that some of the money had been diverted to other jobs conducted by it independently of the venture project. It contended, however, that this was done with the knowledge and consent of the parties, and that in one instance a similar diversion of funds was made to an independent job conducted by the plaintiff Samuel Adelson. It was further contended that all such " borrowed " funds had been repaid.

On the apparent assumption that it was warranted under the pleadings and interlocutory judgment, the referee not only stated the account and found the corporate defendant accountable to the plaintiffs for a profit on the job, but also reported that the plaintiffs were entitled to recover such sum against all the defendants as if the action were one for fraud or breach of fiduciary duty. A like judgment was recommended in favor of the plaintiffs against the defendant Morris Goldberg on the theory that he had acted as accountant for the venture and was liable for breach of fiduciary duty because of knowledge on his

part concerning the misapplication of venture funds by the corporate defendant. Thus, the defendant Morris Goldberg was held in judgment despite the fact that he was only brought into the action on the entry of the interlocutory judgment pursuant to the stipulation aforesaid. Although he moved for leave to serve an answer to the complaint, his application was denied.

The report of the referee was modified by the Special Term in respect to the amount of the judgment recommended, but otherwise confirmed.

We consider that the referee and Special Term misconstrued the effect of the interlocutory judgment, and that the final judgment went beyond the scope of the pleadings and interlocutory judgment. Essentially the action was one for an accounting, and the interlocutory judgment granted such relief. The fact that it also provided for the referee to try the " issues raised by the pleadings " did not mean that he was to try the action as if no judgment had been entered and as one for damages based on fraud or breach of fiduciary duty, merely because the complaint contained incidental allegations of misapplication of venture funds. The trial of the issues raised by the pleadings as directed by the interlocutory judgment in this accounting action simply meant that the referee appointed to take and state the accounts would try any issues affecting or incidental to the accounting.

The evidence indicates that any diversion of funds occurred with the knowledge and consent of the parties, including the plaintiffs. But assuming, without deciding, that the proof justified a contrary finding by the referee, or that the defendant Morris Goldberg failed properly to discharge his duties as accountant for the joint venture, this would not alter the nature of the action or expand the scope of the issues surviving the interlocutory judgment.

On the accounting, of course, the burden of proof was on the defendant George Dreyman, Inc., to show that moneys admittedly received had been used for venture purposes so as to justify a credit therefor. This defendant would properly be held liable to the extent of its failure to make such a showing. We think, however, that this was the extent of the relief that might be afforded under the interlocutory judgment.

While equity may afford complete and appropriate relief once it has taken jurisdiction of an action for an accounting, nevertheless we consider that the relief granted to the plaintiffs by the final judgment was not appropriate under and within

the limits of the interlocutory decree. In this case liability was imposed not on the theory of requiring the Dreyman corporation to account for money received, but on the theory that money admittedly received had been used for some purpose foreign to the venture irrespective of its return for use on the job.

The litigation has been protracted far beyond justifiable limits. This was due largely to the trial of issues which did not exist under the interlocutory judgment. If the correct amount of venture profits were ascertainable from the record in this case, we would correct the judgment by modifying the same so as to eliminate its improper provisions and bring this controversy to an end. On the present record, however, we are unable to do this. As already noted, the action was brought before completion of the venture project and final payment by the Government. The form of the account and objections as filed, plus the failure to consider subsequent events, leaves the account in hopeless confusion and the net result of the venture impossible of accurate computation on the present record. During the course of the reference a final payment of $48,000 (less an amount withheld for taxes) was made by the Government not to the defendant George Dreyman, Inc., but to a surety company which had bonded the job. This amount has in great part been paid to creditors such as subcontractors, materialmen, etc. Some of it has been used to pay expenses of the reference. It is not clear that proper allowance has been given for the moneys paid from this deposit. Nor is it clear whether the final judgment gives appropriate credit for sums disbursed by the defendant George Dreyman, Inc., on account of the job. The said defendant acted not only as the general contractor on behalf of the joint venturers, but also as subcontractor of the carpentry work on its own behalf. The plaintiffs assert that some of the moneys for which disbursing checks were produced by the general contractor were in fact used for labor and material on the carpentry subcontract. In many instances, however, we find no evidence supporting such claim. While the referee reduced credits below actual disbursements, in most instances we cannot find any evidentiary basis for the figures determined by him. The plaintiffs have failed, although requested by way of supplemental briefs, to call our attention to any specific testimony that would support the amounts fixed by the referee.

Under the circumstances we find that the final judgment should be reversed and a new trial held before an official referee after the filing of new accounts in debtor-creditor form showing

receipts and disbursements or other credits claimed, and to which specific objections should be directed. The contested issue should be limited as provided in rule 174 of the Rules of Civil Practice.

As we deem that the defendant Morris Goldberg is entitled to relief by way of an accounting under the pleadings and interlocutory judgment, we see no need for the service of an answer by him.

With respect to the charge of disqualification against the referee appointed by the Special Term in this matter, the official referee to whom such charge was referred by this court has reported to the effect that such disqualification has not been established. The report of the official referee should be confirmed.

The remaining appeals, insofar as they have been rendered academic, should be dismissed.

PECK, P. J., DORE and COHN, JJ., concur.

Final judgment reversed. A new trial should be held before an official referee after the filing of new accounts in debtor-creditor form showing receipts and disbursements or other credits claimed, and to which specific objection should be limited as provided in rule 174 of the Rules of Civil Practice. As the defendant Morris Goldberg is entitled to relief by way of an accounting under the pleadings and interlocutory judgment, there is no need for the service of an answer by him. With respect to the charge of disqualification against the referee appointed by Special Term in this matter, the official referee to whom such charge was referred by this court has reported to the effect that such disqualification has not been established and the report of said official referee is confirmed. The remaining appeals, insofar as they have been rendered academic, are dismissed. Settle order on notice.