I. THEODORE LEADER, Respondent, v. JOSEPH DURST, Appellant. — In an action treated by the court as one for an accounting, defendant appeals from a resettled judgment of the Supreme Court, Nassau County, entered February 9, 1966, which awarded $188,657.37 to plaintiff upon the court's decisions after a nonjury trial. Judgment reversed on the law, with costs to abide the event, and action remitted for further proceedings not inconsistent with this memorandum. No questions of fact have been considered. The proceedings below resulted in two hearings and four decisions which are the direct result of the Augean task thrust upon the court when two sophisticated business men inadequately memorialize a long and complicated course of dealings and then submit conflicting evidence of the nature and purpose of these dealings to the court for resolution. Although the court below in its first decision concluded that the agreement of May 8, 1962 had been superseded and upon reopening of the trial came to the opposite conclusion on the basis of evidence which was to some extent at least present in the original record, we are unable to say that the second decision was incorrect. We do not, however, subscribe to the belief of the learned justice that the interpretation of the May 8 agreement should be left to another court, and that credits accruing to defendant beween the date of the commencement of this action and the time of the trial should also be calculated in another action. In conformity with its all-inclusive powers the Supreme Court may, and in this case it should, utilize its broad powers to afford the parties complete relief within the framework of the pleadings (*Kaminsky* v. *Kahn*, 23 A D 2d 231; *Adelson* v. *Dreyman*, 274 App. Div. 605). The question whether stock losses of the defendant incurred in connection with the borrowings necessary to " buy in " the remainder of the offering were covered by the May 8 agreement should be resolved by the trial court in the light of the Dinkler and Abrash transactions and of any other evidence presented at the reopened hearing, and defendant should be credited up to the time of trial with all losses for which plaintiff is responsible under the May 8 agreement. Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

DORIS A. LEE, Respondent-Appellant, v. ALFRED T. LEE, Appellant-Respondent. — In an action for a separation, the parties cross appeal, to the extent that each is aggrieved thereby, from an order of the Supreme Court, Nassau County, entered March 29, 1966, which: (1) denied plaintiff's motion for temporary alimony and for exclusive possession of the marital dwelling; (2) granted to plaintiff custody of the three infant children of the marriage during the pendency of the action, with liberal visitation rights to defendant; and (3) directed that defendant pay to plaintiff $1,000 as and for her counsel fees, with leave to apply to the trial court for a further fee, if warranted. Order insofar as appealed from by the respective parties, affirmed, without costs. Either party may, of course, apply to modify the provisions of the order should there be a change in the present circumstances. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.