In the Matter of the Estate of JOSEPH J. MALLOY, Deceased.

ALLAN P. McKAIN, as Executor of JOSEPH J. MALLOY, Deceased, Appellant; MARY CAREY, Respondent.

Argued May 24, 1938; decided October 11, 1938.

*Joseph Rosch, Emil Peters* and *George H. Smith* for appellant. The judgment of the Supreme Court is without jurisdiction. (*McConnell* v. *Williams S. S. Co.*, 239 App. Div. 393; *City of Oswego* v. *Montcalm Dock Co.*, 245 App. Div. 555; *Cooper* v. *Davis*, 231 App. Div. 527; *Matter of Murphy*, 79 App. Div. 541; *Matter of Ginty*,

125 Misc. Rep. 158.) There was a delivery of the deeds. (*Herrmann* v. *Jorgenson*, 263 N. Y. 348; *Stonehill* v. *Hastings*, 202 N. Y. 115; *Matter of Hathaway* v. *Payne*, 34 N. Y. 92; *Saltzsieder* v. *Saltzsieder*, 219 N. Y. 523; *Church* v. *Gilman*, 15 Wend. 656; *Gifford* v. *Corrigan*, 105 N. Y. 223; *Munoz* v. *Wilson*, 111 N. Y. 295; *The Lady Superior* v. *McNamara*, 3 Barb. Ch. 378; *Everett* v. *Everett*, 48 N. Y. 218; *Spencer* v. *Carr*, 45 N. Y. 406.) There was no actual or constructive fraud. (*Matter of Smith*, 243 App. Div. 348; *Allen* v. *La Vaud*, 213 N. Y. 322; *Matter of Smith*, 95 N. Y. 516; *Cowee* v. *Cornell*, 75 N. Y. 91; *Mitchell* v. *Mitchell*, 75 N. Y. 589; *Matter of Eno*, 145 Misc. Rep. 605.)

*H. E. Blodgett* and *Howard Murrin* for respondent. There are no jurisdictional defects in the proceedings. (Civ. Prac. Act, §§ 64, 185, 426, 581.) There was no legal delivery of the deeds. (*Vincent* v. *Rix*, 248 N. Y. 76; *Saltzsieder* v. *Saltzsieder*, 219 N. Y. 523.) The agreement is invalid. (*Barnard* v. *Gantz*, 140 N. Y. 249.)

*Per Curiam.* While we do not feel that the executor was guilty of any intentional wrong, we are in accord with the conclusion reached by the Appellate Division in this case and would be content to affirm without opinion were it not for the fact that a question has been raised as to the jurisdiction of the Supreme Court to grant the judgment which was granted.

The Supreme Court is a court of general jurisdiction. It may take the account of a trustee, probate a will, and exercise jurisdiction in many other matters where the Surrogate's Court also has jurisdiction. The Legislature cannot by statute deprive it of one particle of its jurisdiction, derived from the Constitution (Art. VI), although it may grant concurrent jurisdiction to some other court, as it has done to the Surrogate's Court.

When the parties appeared in the Supreme Court they stipulated or acquiesced in the proceedings which took

place in that court and they became bound by the judgment entered. The fact that other proceedings had taken place in the Surrogate's Court and that the matter had been referred to the Supreme Court does not result in making everything done in the Supreme Court void and of no effect.

The parties, being of full age, could enter into a stipulation or bind themselves by acquiescence. They could waive a jury trial, consent to try the case at chambers, or in some other county. All those things they did. They also submitted proposed findings of fact and the attorney for the appellant here prepared the judgment and entered it. He also appeared and argued the case in the Appellate Division and never raised the question of jurisdiction. " Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights." (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447, 453.) In *Barone* v. *Ætna Life Ins. Co.* (260 N. Y. 410) Chief Judge Pound wrote: " Giving additional jurisdiction to other tribunals does not take general jurisdiction away from the Supreme Court " (p. 414). In that case it was contended that the Industrial Board had exclusive jurisdiction to reform a workmen's compensation policy; therefore, that an action to reform the policy could not be maintained in the Supreme Court as it did not have jurisdiction. In that case it was also said: " To raise the point that the Board had first obtained jurisdiction, it should have pleaded another proceeding pending. This it failed to do and thus it waived the only point which was open to it to make " (p. 414). In the case at bar no one raised the question that there was a proceeding pending in the Surrogate's Court which prevented the Supreme Court from exercising its general jurisdiction.

From all that was done it appears just the same as though the parties had personally appeared in the Supreme Court and asked the court to proceed as it did. Such a proceeding would be informal and irregular and not to be approved. Nevertheless a judgment entered under such circumstances is binding.

The case of *Robinson* v. *Oceanic Steam Navigation Co.* (112 N. Y. 315) is not in point. The court was there dealing with the statute regulating actions against foreign corporations. In respect of such actions the Supreme Court has only such power as is conferred by statute. (See *Ladenburg* v. *Commercial Bank,* 87 Hun, 269; *Barker* v. *Cunard S. S. Co.,* 91 Hun, 495.)

The judgment should be affirmed, with costs payable out of the estate.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.