Bebbabd Tomsoet, J.
The landlord seeks an order for the issuance of a warrant of eviction. The tenant seeks an order to stay the issuance of the warrant. A hearing to determine the validity of the stipulation dated May 12, 1965 resulted in a finding that the stipulation was validly entered into and would not be set aside.[1]
*267 There remains the question as to whether the provisions of section 751 of the Beal Property Actions and Proceedings Law, properly complied with, would effect a stay in view of paragraph 3 of the stipulation dated May 12. In order to reach such a determination, it would be necessary to determine that the provisions of section 751 would supersede the explicit provisions of the parties’ agreement. Apropos is the holding of the Court of Appeals in Matter of Malloy (278 N. Y. 429, 433) where the court stated: “ ‘ Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights.’ ”
There is no provision in the section that would make a waiver of the provisions of section 751 void or against public policy. (Cf. subd. 4, par. [d] as it read prior to Sept. 1, 1964.)
Accordingly, the court is constrained to hold that, since the tenant, on or before the return day of the application for the warrant, failed to pay “ the full arrears,” the application for the warrant must be granted and the motion for a stay must be denied.

. The stipulation provided in part as follows:
“2. Final order in the amount of $5356.93 shall be entered in favor of landlord herein and against tenant, but no warrant shall be issued herein provided tenant shall have paid, beginning Wednesday May 5, 1965 and continuing on Wednesday of every week thereafter, at landlord’s office, 191 Main Street, Hempstead, New York the sum of $300.00 weekly, which sum when paid shall be applied to the payment of said arrears embraced in the final order without interest being charged on said arrears, if payments are met pursuant to. this stipulation. Upon payment of said amount of $5356.93, the final order shall be deemed satisfied and landlord agrees to execute on request a stipulation to such effect for filing herein.
“ 3. Tenant is given a grace period with respect to any weekly payment of 10 days, after personal demand or demand by mail to the demised premises, *267 certified, the ten days to be computed from the date of the demand if landlord makes a personal demand, or from the date of mailing by certified mail, if landlord elects to make demand in the alternate method above specified, which demand, in either fashion, may be made at any time after a weekly payment falls due with respect to that payment. If any payment after such demand and the expiration of the grace period is not paid as aforesaid, the full balance of the final order, after credit for the payments on account, shall become due, and landlord on notice of two days to tenant, served personally or by posting at the premises plus mailing by certified mail on the date of posting at the premises, based on an affidavit showing such non-payment, notice of non-payment, and expiration of the grace period, and service of the notice of the application as herein provided, shall be entitled to issuance of warrant for dispossession of tenant pursuant to such final order, unless tenant on or before return date of such application for the warrant pays the full arrears-, not only the payment or payments on account of the final order, but the full balance of the final order after credit for the installments paid and to be paid weekly hereunder.” (Emphasis supplied.)