## (July 19, 1966)

I. THEODORE LEADER, Respondent, v. JOSEPH DURST, Appellant.— Motion by plaintiff-respondent to amend this court's decision of July 5, 1966; to withhold the entry of the order thereon, and for other relief, denied. On the court's own motion, its decision of July 5, 1966 is recalled, and the following decision is substituted therefor: In an action which is essentially one for an accounting between joint venturers, the defendant appeals from a resettled judgment of the Supreme Court, Nassau County, entered February 9, 1966 after a nonjury trial, which awards $188,657.37 to plaintiff. On the court's own motion, the action is remitted for further hearings before the same Trial Justice; for the submission of proof limited to the defendant's alleged offsets and credits against the plaintiff's claims, as found by the trial court; for further proceedings in accordance with this decision; and for a decision de novo determining such offsets and credits upon the basis of all the proof adduced, including the proof upon the prior trial. Within 30 days after the filing of such decision the defendant shall file with the clerk of this court and serve upon the adverse party a supplemental appellant's printed brief and a supplemental record (with the requisite number of copies) containing the transcript of the stenographic minutes upon the new hearings and the decision of the trial court. Within 20 days thereafter the plaintiff as respondent may serve and file a supplemental printed brief. In the interim, this court will hold the appeal in abeyance, and all proceedings therein will remain in status quo. The present involved record is the direct result of the Augean task thrust upon the court by reason of the conduct of two sophisticated businessmen who inadequately memorialized a long and

complicated course of dealings between them, and who then submitted to the court for resolution a mass of conflicting evidence as to the nature and purpose of those dealings. This remission for further proof is required for much the same reasons. The trial court rendered four decisions. In its first decision the court concluded that the agreement of May 8, 1962 had been superseded; but after reopening the trial the court, on the basis of evidence which was to some extent at least adduced upon the original hearing, reached the opposite conclusion, namely: that the said agreement had not been superseded. We agree with this latter factual finding. We do not, however, subscribe to the view of the learned Trial Justice that the interpretation of the May 8 agreement should be left to another court, and that credits accruing to defendant between the date of the commencement of this action and the time of the trial should also be calculated in another action. In conformity with its all inclusive powers the Supreme Court may, and in this case it should, utilize its broad powers to afford the parties complete relief within the framework of the pleadings (*Kaminsky* v. *Kahn*, 23 A D 2d 231; *Adelson* v. *Dreyman*, 274 App. Div. 605). Unfortunately, in this case the trial court failed to exercise its plenary powers; it did not take all the proof required to show the validity or invalidity of all the credits and offsets asserted by the defendant. Thus, the issue as to whether the defendant's losses (incurred in connection with the borrowings necessary to "buy in" the remainder of the offering) were covered by the May 8 agreement and constitute a proper offset thereunder should be resolved by the trial court in the light of the *Dinkler* and *Abrash* transactions and of any other evidence presented at the new hearings now directed. If the defendant is entitled to any credit for such losses, then the losses and any consequent credits should be computed up to the time of such new hearings. As indicated, the new hearings should be confined to the credits and offsets claimed by the defendant; and the decision should clearly determine the validity of every such alleged credit and offset and, if found to be valid, the amount thereof. Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.