Per Curiam.

Inasmuch as defendant was acquitted of driving while intoxicated, the only offense charged, it was error for the court, sua sponte, to “ reduce ” the charge to reckless driving and to adjudge defendant guilty thereof. Both offenses are misdemeanors, the former concerning itself with the condition of the operator of the motor vehicle and the latter with the _ manner of its operation (Vehicle and Traffic Law, §§ 1190, 1192, subd. 2). Each involves elements not included in the other (People v. Skarczewski, 178 Misc. 160, affd. 287 N. Y. 826). Thus, while section 1192 makes it a misdemeanor to operate a motor vehicle 1 ‘ in an intoxicated condition ’ ’, section 1190 defines reckless driving as the operation of a motor vehicle ‘ ‘ in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway.” Clearly, reckless driving is not a lesser included offense and the conviction on that charge cannot stand. In any event, even if the said offense were properly before the court, we are of the opinion that the evidence was insufficient to establish defendant’s guilt beyond a reasonable doubt.
The judgment of conviction should be unanimously reversed on the law and facts, complaint dismissed and fine remitted.
Concur — Schwaetzwald, P. J., Rinaldi and Cone, JJ.
Judgment reversed, etc.