Samuel A. Spiegel, J.
This is a habeas corpus proceeding instituted by the relator, Evaristo Ruiz, who contends that a Criminal Court Judge unlawfully sentenced him for a Class “ B ” misdemeanor, which had already been “ included ” in a sentence imposed upon him in this court when he pleaded guilty to a Class “ E ” felony. In effect, he contends he is illegally and violative of his constitutional rights being punished twice for the same crime,
The minutes in the Supreme Court reveal that prior to the imposition of sentence for a Class “ E ” felony on November 6,1970, relator requested that this court take into consideration *907 an outstanding Class “ B ” misdemeanor pending against him in the Bronx Criminal Court for which he was to be sentenced on January 8, 1971. This court, in acceding to this request, stated: “ This sentence covers the plea of guilty to the Class ‘ B ’ Misdemeanor * * * and for which he awaits sentence in the Bronx Criminal Court in January of 1971.”
Since he was found to be an addict, this court certified relator to the care and custody of the Narcotic Addiction Control Commission (NACC) for an indeterminate period not to exceed 60 months. The minutes of the hearing on November 14, 1972, reveal that the Criminal Court Judge was advised of the proceedings had before this court in November, 1970. He was also shown the minutes of said proceedings which clearly indicated that sentence had already been imposed by a Supreme Court Justice for the crime for which he was to be sentenced again. The Criminal Court Judge nonetheless sentenced relator to a three-month prison term. There is no question but that the crime for which relator was sentenced by the Criminal Court Judge is the same crime which was covered by the sentence of the Justice of the Supreme Court.
. The certification of the relator, a drug addict to a 60-month maximum term in the NACC rendered any sentence of the Criminal Court moot. While on a felony charge the Supreme Court may sentence the defendant to the NACC, the fact is that on a misdemeanor charge the Criminal Court must certify a defendant to NACC for a period which cannot exceed 36 months. Consequently, assuming the Supreme Court had not included the misdemeanor charge in its sentence of relator, the sentence by the Criminal Court Judge would have been a meaningless charade since that sentence could not have been added on to the 60-month maximum already meted out to relator, but instead would only have been mergedwith.the certification of this court. (Mental Hygiene Law, § 208.) '
While the Supreme Court may include in its sentences misdemeanors, the Criminal Court cannot include in its sentences felony charges pending in the Supreme Court, since the Supreme Court has exclusive jurisdiction of felonies. (N. T. Const., art. VI, § 7.)
The practice of merging the sentence for a lesser crime into the sentence for a more serious crime has been a long-honored practice in this court. Is it possible that the lower court has merely tolerated this practice by sufferance? Can this practice now be torpedoed at the whim of any lower court Judge?
*908 If the disregard of the Supreme Court sentences by the lower court is permitted to continue, it could strike a fatal blow to the effective and speedy disposition of cases involving defendants with multiple criminal cases pending in both courts.
Section 140-b of the Judiciary Law states: “ General Jurisdiction of Supreme Court. The general jurisdiction in law and equity which the supreme court possesses under the provisions of the constitution includes all the jurisdiction which was possessed and exercised by the supreme court of the Colony of New York at any time, and by the court of chancery in England on the fourth day of July, [1776], with the exceptions, additions and limitations created and imposed by the constitution and laws of the state. Subject to those exceptions and limitations the supreme court of the state has all the powers and authority of each of those courts and may exercise .them in like manner.” (added by L. 1962, ch. 310, § 208, eff. Sept. 1,1963).
The general jurisdiction of the Supreme Court in law and equity since July 4, 1776 has never been revoked nor restricted. The Supreme Court has all the powers and authority of each of those courts and may exercise them in like manner, including the jurisdiction of the courts of limited jurisdiction such as the Criminal Court of New York City.
As a matter of fact, section 7 of article VI of the New York State Constitution says: “a. The supreme court shall have general original jurisdiction in law and equity and the appellate jurisdiction herein provided. In the city of New York, it shall have exclusive jurisdiction over crimes prosecuted by indictment, provided, however, that the legislature may grant to the city-wide court of criminal jurisdiction of the city of New York jurisdiction over misdemeanors prosecuted by indictment and to the family court in the city of New York jurisdiction over crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household.”
The Supreme Court has general original jurisdiction in law and equity. In the City of New York, it has exclusive jurisdiction over crimes prosecuted by indictment. Though the Legislature may grant concurrent jurisdiction with the Supreme Court to the Criminal Court — nevertheless, exclusive jurisdiction over indictable crimes remains solely and exclusively with the Supreme Court.
Subdivision c of section 15 of article VI of the New York State Constitution states: “ c. The court of city-wide criminal jurisdiction of the city of New York shall have jurisdiction over *909 crimes and other violations of law, other than those prosecuted by indictment, provided, however, that the legislature may grant to said court jurisdiction over misdemeanors prosecuted by indictment; and over such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law.”
The Legislature granted to said Criminal.Court jurisdiction over crimes and other violations of law other than those prosecuted by indictment. In effect, the Criminal Court was not given jurisdiction exclusively, nor was it intended to deprive the Supreme Court of its concurrent jurisdiction over misdemeanors.
As a matter of fact, subdivision d of the said section 15 of article VI of the New York State Constitution states: “ d. The provisions of this section shall in no way limit or impair the jurisdiction of the supreme court as set forth in section 7 of this article.” (adopted Nov. 7,1961, eff. Sept. 1,1962).
Unquestionably jurisdiction over felonies rests only in the Supreme Court. Authority over misdemeanors rests in both the Supreme and Criminal Courts concurrently.
Accordingly, the Supreme Court had jurisdiction of the crime and the person at the time of sentence of defendant for the felony as well as for the misdemeanor.
It is well established that “ The jurisdiction of the Supreme Court is general, unlimited and unqualified and [even] the Legislature has no power to limit or qualify it.” (Decker v. Canzoneri, 256 App. Div. 68, 71).
Not only does the Supreme Court have jurisdiction of misdemeanors, but it has also been determined that the Supreme Court may even take the account of a trustee, probate a will, and exercise jurisdiction in estate matters because it has concurrent jurisdiction with the Surrogate’s Court. Even the Legislature cannot by statute deprive the Supreme Court of any part of its jurisdiction, derived from the Constitution (art. VI), although it may grant concurrent jurisdiction to some other court. (Mattér of Malloy, 278 N. Y. 429.)
In People v. Davis (27 A D 2d 299), the Appellate Division, First Department, declared that the Supreme Court may not be divested of its constitutionally derived jurisdiction by statute, but it need not exercise it if the Legislature has given it to other tribunals concurrent jurisdiction.
In People v. Ruttles (172 Misc. 306, 309), the court held “ The Supreme Court has * * * general jurisdiction of all matters, including misdemeanors ”.
*910 The court further stated that while the Legislature can give Courts of Special Sessions concurrent jurisdiction of misdemeanors, its attempt in the Code of Criminal Procedure to give said court exclusive jurisdiction of the crime of keeping slot machines in violation of section 982 of the Penal Law, thereby depriving the Supreme Court of its jurisdiction is unavailing.
“ Exclusive ” “ was not intended to limit the jurisdiction of courts of general jurisdiction, but was [rather] intended to define the jurisdiction of the inferior criminal courts established thereby, as between themselves.” (People v. Cooper, 158 Misc. 419, 422).
When the Courts of Special Sessions and the Magistrates Courts were merged into the New York City Criminal Court by the Court Reorganization Act effective September 1, 1962, said Criminal Court was not given “ exclusive ” jurisdiction over misdemeanors.
Accordingly, the Supreme Court has jurisdiction of felonies and misdemeanors, as a matter of law. The Criminal Court Judge was duty bound to respect the sentence of the Supreme Court and to not cavalierly ^sentence the defendant a second time for the same crime. Why he did this, after this was specifically called to his attention, in the light of the law, and the comity and courtesy existing between criminal branches of the courts for the dispensation of justice, is incomprehensible. . The Supreme Court properly disposed of the defendant’s sentence and the Criminal Court’s punishing him for the second time was completely unjust, unwarranted and unnecessary under all the circumstances herein.
The writ of habeas corpus is granted. The sentence of the Criminal Court Judge of November 14,1972 is vacated as illegal.