■ In the Matter of HARLEM RIVER CONSUMERS COOPERATIVE, INC., Appellant, v. JOSEPH STEIN, as Commissioner of the Department of Buildings of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered May 3, 1973, which directed the City of New York to give notice whether or not a certificate of occupancy will issue; denied any further stay of a pending summary proceeding initiated by the landlord; and dismissed the petition against the noncity respondents without prejudice, affirmed without costs or disbursements. Petitioner, a nonprofit consumer cooperative, is a tenant in a building owned by one of the noncity respondents. There were several temporary certificates of occupancy issued for the premises, but the latest one has expired. The landlord instituted a summary proceeding against the tenant for nonpayment of rent. In this article 78 proceeding, the petitioner sought, *inter alia,* to obtain an order directing the City of New York to issue a certificate of occupancy and further sought a stay of the summary proceedings pending, as well as a declaration of the right of the petitioner tenant to quiet enjoyment. It is to be noted that the relief requested against the noncity respondents is already encompassed in a pending declaratory judgment action, naming only the noncity respondents as defendants. Furthermore, the full relief obtainable against the City of New York has already been granted by Special Term. Therefore, joinder of the article 78 proceeding with the declaratory judgment action would not, as our dissenting brother suggests, make the city a party defendant or ameliorate the procedural morass engendered by the petitioner. In any event, the course of this litigation was charted by the petitioner and the court cannot now be called upon to suggest alternative procedures which it feels would be more suitable vehicles for this litigation (cf. *Matter of Malloy*, 278 N. Y. 429; *Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87; *Reilly* v. *Insurance Co. of North Amer.*, 32 A D 2d 918).

Concur — Murphy, Tilzer and Lane, JJ.; Kupferman, J. P., dissents in the following memorandum: This is an article 78 proceeding against the New York City Commissioner of the Department of Buildings (and related city authorities) and the petitioner's landlord with respect to a certificate of occupancy for petitioner's supermarket. The dispute between the petitioner and the landlord concerning claims for failure to comply with a construction lease for the supermarket, and for failure to pay rent in connection therewith in a landlord-tenant proceeding, has been before this court previously on motions (Motions No. 2024 of June 1, 1973 and No. 2328 of June 25, 1973) (Index Nos. 25324/72 and 25622/72). The court at Special Term directed the city as follows: "Order and Adjudged, that the City respondents, Joseph Stein and Cornelius Dennis, in their respective official capacities are directed to reinspect the subject premises, and to give notice that Certificate of Occupancy has issued or will not issue" and in connection therewith, the city rendered to the landlord a two page analysis dated May 25, 1973, setting forth the work that would be needed in order for a certificate of occupancy to issue. The order of the court at Special Term denied any relief with respect to the non-city respondents (the landlord), "without prejudice in view of the pending plenary action of the petitioner as plaintiff, in which inquest has been directed". While eventually the result may very well be the same as that suggested in this dissent, a practical approach to the problem would warrant a modification to remand for joinder of this action and the plenary suit. CPLR 103 (subd. [c]) makes it clear that the court has discretion to make whatever order is necessary, which could include combining an article 78 proceeding with a plenary suit in a landlord-tenant action, in order to reach a proper result. Consolidating the actions is clearly the vehicle for helping to reach that result. (CPLR 602; *Bank of New York* v. *Rodgers*, 40 A D 2d 777.) As a practical matter, the only way this situation can come to a proper conclusion is for the same Judge to have the landlord and the tenant and the city in the same proceeding.