■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THEODORE DARLING et al., Respondents.—Appeal from an order of the Supreme Court, Rensselaer County, entered April 10, 1975, convicting defendant, Theodore E. Darling, Sr., on his plea of guilty, of the crime of reckless driving and defendant, William C. Darling, on his plea of guilty, of the crime of public intoxication and fining them $100 and $25 respectively, the execution of said fines being suspended. On February 9, 1975 defendants were arrested by Troy Police Officers Cipperly and Morse, Theodore Darling for driving while intoxicated and William Darling for public intoxication, public lewdness and a violation of the city's open container law. At the demand of their brother, an attorney, defendants were taken at approximately 4:00 A.M. to the home of William R. Murray, a Justice of the Supreme Court, Justice Murray having consented to the arraignment. In the Justice's basement, he informed the officers that the defendant would agree to a plea of reckless driving if the officers consented, which they did. Thereafter pleas of guilty were accepted, by Theodore for reckless driving and by William for public intoxication. Both defendants were fined, but the sentences were immediately suspended. During the course of these proceedings, no member of the District Attorney's office was present. No record was filed by Justice Murray until April 10, 1975, when he filed what purported to be an order of the Supreme Court, and not of the local criminal court. The first question is whether Justice Murray had preliminary jurisdiction to arraign and trial jurisdiction to dispose of the matters while sitting as a Justice of the Supreme Court. This in turn depends on whether the Legislature constitutionally could grant such jurisdiction to local criminal courts and withhold the same from the Supreme Court. Article VI (§ 7, subd a) of the New York State Constitution provides in pertinent part that the Supreme Court "shall have general original jurisdiction in law and equity" and the immense jurisdictional power of the Supreme Court has been characterized as "original, unlimited and unqualified" *(Kagen v Kagen,* 21 NY2d 532, 537). As such, it is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed *(Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 166; *Condon v Associated Hosp. Serv. of N.Y.,* 287 NY 411, 414–415) and any attempt by the Legislature to abridge, limit or qualify this broad jurisdiction of the Supreme Court is unconstitutional and void *(Busch Jewelry Co. v United Retail Employees' Union,* 281 NY 150, 156; *Matter of Malloy,* 278 NY 429, 432; *People ex rel. Swift v Luce,* 204 NY 478, 487–488; *Matter of Stilwell,* 139 NY 337, 341; *People ex rel. Mayor of City of N. Y. v Nichols,* 79 NY 582, 589–590; *Niagara Falls Power Co. v Halpin,* 267 App Div 236, 241, affd 292 NY 705; *Decker v Canzoneri,* 256 App Div 68, 71–72). Not even the circumstance that another court has been given jurisdiction can deprive the Supreme Court of its general jurisdiction in law and equity *(Barone v Aetna Life Ins. Co.,* 260 NY 410, 414). Accordingly, since from its inception the Supreme Court has had the constitutional authority to try misdemeanors *(People ex rel. Constantinople v Warden of Rikers Is.,* 72 Misc 2d 906; *People v Ruttles,* 172 Misc 306), it must be concluded that Justice Murray, sitting as a Supreme Court Justice, had the requisite jurisdiction to conduct the preliminary proceeding and to conduct the actions. The People also urge that the sentences are invalid in that the court accepted pleas to reduced charges without the consent of the People. It is clear that the People must consent to a plea of guilty to a lesser included offense or to one or more but not all of the offenses charged (CPL 220.10;

220.20; *Matter of Blumberg v Lennon,* 44 AD2d 769). Justice Murray states, however, in his decision that rather than reducing the charges, he amended them with the consent of the arresting officers to more accurately describe the offenses allegedly committed. As to defendant William Darling, it appears that Justice Murray dismissed two counts of the information and accepted a plea of guilty to the third, the violation of public intoxication under section 240.40 of the Penal Law. The Criminal Procedure Law allows the court for various reasons, including "the interests of justice", to dismiss on motion by the defendant one or more separate counts of an information or indictment (CPL 170.30; 170.40; 210.20; 210.40), and the People do not claim the reason for dismissal was improper, but, rather, argue that their consent was necessary which, of course, is not the case. Thus, the dismissal of the two charges against William Darling cannot be found to have been improper. With respect to Theodore Darling who was originally charged with driving while intoxicated under subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law and pleaded guilty to reckless driving under section 1190, reckless driving is not a lesser included offense *(People v Byrne,* 65 Misc 2d 174; see, also, *Matter of Blumberg v Lennon, supra).* Thus, without an application for acceptance of such a plea to an amended charge or consent thereto from the People, which are clearly not present, the judgment convicting Theodore Darling of reckless driving was invalid (CPL 100.45, 170.35, 200.70). In addition the People are correct that the new Penal Law does not allow the court to suspend sentence, since that type of sentence has been replaced by the sentences of conditional and unconditional discharge (Penal Law, § 60.01; *People v Szymkiewicz,* 31 AD2d 754; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 60.01, pp 144–145). However, the sentence imposed is not therefore a nullity; rather, it may be amended by substituting the proper sentence *(People v Szymkiewicz, supra)* which in this case would be an unconditional discharge. Finally, while we have upheld jurisdiction in this case, we do not condone the manner in which this case was handled. Order modified, on the law, by reversing the conviction of Theodore Darling and restoring the action to its prepleading stage and by deleting the sentence for William Darling and by substituting the sentence of unconditional discharge, and, as so modified, affirmed. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur. [81 Misc 2d 487.]