In the Matter of DANIEL VEGA, Petitioner, v HOWARD E. BELL, as Justice of the Supreme Court, Bronx County, et al., Respondents.

First Department, April 19, 1979

## APPEARANCES OF COUNSEL

*Daniel Nobel* of counsel *(Barbara Salken* with him on the brief; *Leon Polsky,* attorney), for petitioner.

*Alan D. Marrus* of counsel *(Steven R. Kartagener* with him on the brief; *Mario Merola, District Attorney),* for respondent.

## OPINION OF THE COURT

BLOOM, J.

This original application for a writ of prohibition arises out of the new law (L 1978, ch 481), imposing criminal responsibility on juvenile offenders for certain crimes. Sodomy in the first degree is one such crime (Penal Law, § 30.00, subd 2).

Petitioner, a 15-year-old juvenile offender (Penal Law, § 10.00, subd 18), stands indicted on four counts of sodomy in the first degree. He was arrested on October 4, 1978, and was arraigned in the Bronx Criminal Court the following day. By reason of the intervening weekend and the Jewish holy days which followed thereafter, the case was adjourned to October 11, 1978. On that day, petitioner made request for a preliminary hearing and for a hearing seeking removal of the charges to the Family Court. In response to the application, the prosecutor informed the court that a true bill had been voted by the Grand Jury on October 10, 1978, although, as a result of time pressures, the indictment had not yet been handed down. The Judge presiding denied the application on the ground that he had been divested of jurisdiction by the action of the Grand Jury. He adjourned the proceeding until October 13, 1978 in order to afford the District Attorney's office time to file the indictment. In fact, the indictment was filed the next day, and on October 13, 1978, the case was transferred to the Supreme Court.

On December 12, 1978, petitioner moved before Justice BELL for multiple relief, including a dismissal of the indictment under CPL 210.20 (subd 1, par [h]) upon the ground that "[t]here exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged". The specific basis urged was that petitioner had been deprived of the right to a removal hearing. Justice BELL denied the application upon the ground that the "Grand Jury acted within its own authority which cannot be diminished by any previous court hearing or lack of such hearing". A motion for leave to reargue was denied. Thereupon, this proceeding was brought.

CPL 180.75 governs proceedings against a juvenile offender upon the filing of a felony complaint. Paragraphs (a), (b) and (c) of subdivision 3 provide for a hearing and the nature of the

dispositions to be made at the conclusion thereof. Paragraph (a) of subdivision 4 which is the heart of this application, provides in pertinent part: "Notwithstanding the provisions of subdivisions two and three of this section, (a) the court, on motion of any party or on its own motion may, and shall, at the request of the district attorney, order removal of an action, except one involving a complaint charging a juvenile offender with murder in the second degree, or an armed felony as defined in subdivision forty-one of section 1.20 of this chapter, to the family court * * * if it is determined that to do so would be in the interest of justice".

Although the law makes provision for the transfer to the Family Court of criminal charges against a juvenile offender at various stages in the proceedings against him, the only stage at which such transfer may occur *without the consent of the District Attorney* is at this removal hearing in the Criminal Court. The hearing is, therefore, a most valuable statutory right. By presenting the case to the Grand Jury before petitioner could have that hearing, the District Attorney deprived petitioner of the power to exercise this right.

We are not unaware that the Supreme Court has general jurisdiction in law and in equity (NY Const, art VI, § 7, subd a; *Matter of Dondi v Jones,* 40 NY2d 8), and the Legislature is powerless to abridge or limit that jurisdiction *(People v Darling,* 50 AD2d 1038). Were the issue merely one of a preliminary hearing, there is little doubt of the power of the Grand Jury to "investigate and indict regardless of what had occurred" in the Criminal Court and regardless of whether that court "had held or discharged the prisoner or still had the matter pending or * * * whether there had ever been such a preliminary hearing" *(People ex rel. Hirschberg v Close,* 1 NY2d 258, 261). Here, however, the situation is somewhat different. The same statute which gave rise to the power of the Grand Jury to indict this petitioner for the crimes charged imposed, as a condition to the exercise of that power, the requirement that, unless waived, a *removal* hearing be held. Thus, the Legislature made the removal hearing a jurisdictional prerequisite to the Grand Jury's right to indict a juvenile offender.

Sound reasons of policy suggest themselves for the different treatment accorded a removal hearing from that given to a preliminary hearing. The purpose of a preliminary hearing is, basically, to determine whether probable cause exists for the

conclusion that defendant committed the crime charged. That right is not lost even though the District Attorney proceeds by direct presentation to the Grand Jury or by presentation intervening between the arrest and the date fixed for the preliminary hearing. In such circumstances, the issue of probable cause may be tested and resolved by a motion to dismiss the indictment. Hence, no prejudice results to a defendant from action which eliminates a preliminary hearing.

However, where a juvenile offender is involved, the removal hearing in the Criminal Court presents the *only opportunity* for a judicial determination on the issue of removal to the Family Court *without the consent* of the District Attorney. To permit the District Attorney to proceed by direct or intervening indictment and thus take from the juvenile offender the only opportunity for a purely judicial holding that he shall be tried as a juvenile delinquent rather than as a juvenile offender is to permit the District Attorney to frustrate the legislative intent.

The summary disposition of petitioner's application without affording him an opportunity to be heard on the merits of his claim to removal was not a hearing. Indeed, the court was emphatic that he was without power to hold a hearing once an indictment had been voted.

Inasmuch as the hearing required by CPL 180.75 (subd 4) has not yet been held, it is plain that the prerequisite to action by the Grand Jury was missing. It follows that the indictment handed down was defective and, by consequence, failed to confer jurisdiction on the Supreme Court. Accordingly, the application should be granted, the indictment should be dismissed, and the proceeding should be remanded to the Criminal Court, Bronx County, for the purpose of conducting the hearing prescribed by CPL 180.75 (subd 4), without costs or disbursements.

LANE, J. (dissenting). Petitioner Daniel Vega, 15 years old, was arrested on October 4, 1978 and charged with sodomy in the first degree. He was arraigned in Criminal Court on October 5, 1978. The case appeared again on the court calendar on October 11, 1978, and defense counsel made an application for a hearing on the felony complaint to determine if there was reasonable cause to believe that the petitioner had committed a crime for which a person under the age of 16 is criminally responsible. Counsel also moved for a hearing to determine if the matter should be removed from the Criminal

Court to the Family Court. Both applications were made pursuant to CPL 180.75.

On October 11, 1978, the date that the application was made, the Assistant District Attorney informed the court that, on October 10, 1978, the Grand Jury had voted a true bill against Vega on the count of sodomy then before the court, as well as three other counts of sodomy in the first degree. Defense counsel urged that the defendant was entitled to a hearing as to probable cause, as well as a hearing to determine if removal to the Family Court was warranted despite the action of the Grand Jury. Criminal Court Judge JEROME KIDDER denied both requests for relief without a hearing.[1] On October 13, 1978, after the filing of the indictment, the matter was transferred to Supreme Court. On December 12, 1978, Vega moved in Supreme Court, *inter alia,* to transfer the case to Criminal Court in order to conduct a removal hearing pursuant to CPL 180.75 (subd 4). That motion and a subsequent motion to reargue were both denied by Justice HOWARD BELL. Vega then petitioned this court for a writ of prohibition against the Justices of the Supreme Court, Bronx County, and against the District Attorney. Vega seeks a declaration from this court that the Supreme Court is without jurisdiction to determine this case until a "removal hearing" is held in the Criminal Court pursuant to CPL 180.75, as well as dismissal of the indictment for lack of jurisdiction.

Petitioner Vega's application should be denied and the writ dismissed.

The fulcrum statute upon which the writ depends was recently enacted and became effective on September 1, 1978. It allows for a hearing on a felony complaint to enable the Criminal Court to determine "[i]f there is a reasonable cause to believe that the defendant committed a crime for which a person under the age of sixteen is criminally responsible"[2] (CPL 180.75, subd 3, par [a]). Different methods of disposition of the case after such a hearing are outlined (CPL 180.75, subds 2, 3, pars [a], [b], [c]). The statute then provides in

---

1. The verified petition alleges that Vega's application was denied. Justice BELL, in describing the disposition of the application, stated, "The Criminal Court deemed itself divested of jurisdiction, by the indictment, and no disposition of the motion was made." A review of the Criminal Court minutes leads us to the conclusion that the court explicitly denied the motion.

2. The crimes for which such a person may be criminally responsible are listed in subdivision 2 of section 30.00 of the Penal Law, and include the crime of sodomy in the first degree.

subdivision 4: "Notwithstanding the provisions of subdivisions two and three of this section, (a) the court, on motion of any party or on its own motion may, and shall, at the request of the district attorney, order removal of an action * * * to the family court pursuant to the provisions of article seven hundred twenty-five of this chapter, if it is determined that to do so would be in the interests of justice".

Subdivision 4 above quoted does not mandate a hearing on the issue of removal to the Family Court. That is made abundantly clear by the addition of subdivison 5 which provides that the court, in order to reach a determination under subdivision 4, *may* make such inquiry as it deems necessary. In the case at bar, the Criminal Court Judge acted on defendant's application for removal by summary denial without a hearing, which is a permissible method of dispositon under the statute. No basis exists, therefore, for sustaining the writ.

For the purposes of clarification, it should be noted that even had the Criminal Court Judge not disposed of the motion, the Supreme Court would not be without jurisdiction to determine that motion. Furthermore, there would be no necessity to dismiss the indictment. The statute as enacted relates to proceedings originating in Criminal Court. However, it it clearly established that the Supreme Court of the State of New York has general original jurisdiction in law and equity (NY Const, art VI, § 7, subd a). It has further been established by decisional law *(Matter of Seitz v Drogheo,* 21 NY2d 181) and State constitutional amendment (NY Const, art VI, § 7, subd b) that the Supreme Court has jurisdiction over any new classes of actions and proceedings, though the Legislature may provide that those new actions and proceedings may originate in another court of lesser jurisdiction.

Therefore, in the event a Criminal Court Judge fails to make a ruling on a motion brought pursuant to CPL 180.75 (subd 4), and the matter has already been removed to Surpeme Court, there is no need to dismiss the indictment and remand the matter to the Criminal Court for dispositon. The Supreme Court Justice may entertain and determine the motion within the strictures of CPL 180.75 (subd 4), and without prior approval of the District Attorney (cf. CPL 180.75, subd 4, with CPL 220.10, subd 5, par [h]; 330.25).

Dismissal of the indictment is also not warranted. Review of the newly enacted statute and others affected by it reveals that a removal hearing is not a jurisdictional prerequisite to

Grand Jury action. CPL 190.71 (subd [a]) merely provides an outline of the crimes for which a person 13, 14, or 15 years of age may be indicted but does not require that a removal hearing be held prior to submission of evidence to the Grand Jury. The outline parallels one found in section 30.00 of the Penal Law, defining the criminal responsibility of a person under the age of 16. Any doubt that a removal hearing is not a jurisdictional bar to Grand Jury action may be easily dispelled. The same section of the CPL affording authority to the Grand Jury to indict also gives it authority to vote and file a request to remove the matter before it to the Family Court (CPL 190.71, subd [b]).[3] This request does not require prior approval of the District Attorney, and the court is required to honor the request unless it is improper or insufficient on its face (CPL 190.71, subd [d]; 725.05, subd 4). If a ruling by a Judge after a removal hearing was a jurisdictional prerequisite to Grand Jury action, it would be supererogatory for the statute to authorize the Grand Jury to request removal of the matter of Family Court.

In conclusion, we note that dismissal of the writ is in accord with the statutory mandate. Changes in the statute should be made by explicit legislative drafting and not by judicial interpretation.

Accordingly, the petition seeking to prohibit the Justices of the Supreme Court, Bronx County, from acting with regard to petitioner Vega should be dismissed.

MURPHY, P. J., and Ross, J., concur with BLOOM, J.; LANE and SILVERMAN, JJ., dissent in an opinion by LANE, J.

Application granted, without costs and without disbursements, the indictment dismissed, and the proceeding remanded to the Criminal Court, Bronx County, for the purpose of conducting the hearing prescribed by CPL 180.75 (subd 4). The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this court's order upon the respondents, with leave during this 30-day period to respondents to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

---

3. This request may be made even if the person committed a crime outlined in CPL 190.71 (subd [a]), provided he is not indicted for that crime (CPL 190.71, subd [b], par [2]).