OPINION OF THE COURT
Deborah A. Haendiges, J.
On January 18, 2011 the defendant was arraigned in Buffalo City Court on one count of harassment in the second degree pursuant to Penal Law § 240.26 (1) alleging an act of domestic violence by the defendant against the complainant. Thereafter, on January 26, 2011 the People declared their readiness for trial and defendant served motions on the Erie County District Attorney on February 1, 2011. While this Buffalo City Court action was pending, three petitions were simultaneously pending in Erie County Family Court between the defendant, complainant and a third family member concerning the custody of the defendant’s and complainant’s child. The pendency of these simultaneous criminal and Family Court matters with the underlying issue of domestic violence prompted a screening by this court, the Supreme Court Integrated Domestic Violence (hereinafter IDV) Part, located in Erie County.
After screening the pending matters this court determined that a transfer of this family’s cases to the IDV Part was appropriate by finding that said “transfer of the case to the Supreme Court would promote the administration of justice” pursuant to Rules of the Chief Administrator of the Courts for Integrated Domestic Violence Parts (22 NYCRR) § 141.4 (a) (2). By IDV transfer order dated March 24, 2011 this court then simultaneously transferred the defendant’s pending Buffalo *676 City Court violation-level matter and. the parties’ pending Family Court matters to the Supreme Court IDV Part and required the parties to appear before the court on April 6, 2011.
The defendant now moves for dismissal of the accusatory instrument pending against him that charges him with the sole count of harassment in the second degree pursuant to Penal Law § 240.26 (1), a violation-level matter or “petty offense,” that was transferred by this Supreme Court IDV Part from Buffalo City Court. Defendant asserts that Supreme Court lacks the requisite subject matter jurisdiction over that matter, citing Criminal Procedure Law § 170.35 (1) and § 170.30 (1) (a) and/or (f).
Defendant also argues that pursuant to CPL 10.20 petty offenses charged as a sole count in an accusatory instrument may not be tried in Supreme Court unless the offense is charged in an indictment, which also charges a crime.
The defendant further relies on the recent Court of Appeals decision in People v Correa (15 NY3d 213 [2010]) to support his dismissal request by arguing that the Court of Appeals in Correa was only confirming Supreme Court’s transfer authority to transfer to the IDV Part misdemeanor offenses that are being prosecuted by information only, rather than by indictment or Superior Court information pursuant to CPL 210.05. Defendant also claims that to construe the provisions of the Constitution of the State of New York, article VI (Judiciary), § 19 to grant transfer authority to the Supreme Court IDV Part to transfer a sole count of a violation level offense, as in the instant case, would support an “improper use of the Court’s resources” given the Supreme Court’s unarguable subject matter jurisdiction over “more serious offenses.” Although the facts of the IDV matter in Correa involved cases pending against the defendants that included both misdemeanor and violation level offenses rather than a sole count of a violation level offense, as is the case in the instant matter, the Court of Appeals’ analysis in Correa is also applicable here.
Transfer Authority of the Supreme Court IDV Part
It is well settled that the Chief Judge of the State of New York may “establish standards and administrative policies for general application throughout the state,” which shall be submitted to the Court of Appeals, together with the recommendations of the Administrative Board, and approved by the Court (NY Const, art VI, § 28 [c]). The Court of Appeals stated *677 that such a review prior to the implementation of a new administrative policy is “an indispensable component of the constitutional scheme” (People v Correa, 15 NY3d 213, 223 [2010]).
The Court of Appeals in Correa also pointed out that the Constitution of the State of New York, article VI, § 19 (a) specifically addresses the reassignment of cases to and from Supreme Court. “As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.” (15 NY3d at 223, quoting NY Const, art VI, § 19 [a].)
Judiciary Law § 211 (1) (a) also grants authority to the Chief Judge, in consultation with the Administrative Board and with the consent of the Court of Appeals, to “establish standards and administrative policies for general application to the unified court system throughout the state, including but not limited to standards and administrative policies relating to . . . transfer of judges and causes among the courts.”
Based upon this constitutional and legislative authority, the Chief Judge promulgated part 41 of the Rules of the Chief Judge on January 15, 2004 that created the “Integrated Domestic Violence Parts of Supreme Court” and granted the authority to the Supreme Court IDV Part to transfer “a domestic violence case” pending in a criminal court and a simultaneously pending civil family case pending in Supreme or Family Court involving the same parties or family for disposition in the Supreme Court IDV Part. (See 22 NYCRR part 41.)
For the same reasons the Court of Appeals held that the Supreme Court IDV Part had transfer authority concerning a misdemeanor charge prosecuted by information only in Correa, the IDV Part also has the constitutional authority to transfer to itself “any action or proceeding,” including a sole count of a violation level offense, within the court’s judicial department upon a finding that the “transfer will promote the administration of justice” pursuant to the Constitution of the State of New York, article VI, § 19. Said powers are “as provided by law,” the constitutional mandate, through the legislative authority of Judiciary Law § 211 (1) (a) and pursuant to the Rules of the Chief Judge, part 41. It is for these reasons and contrary to the defendant’s argument, that the provisions of CPL 210.05 are inapplicable to the Supreme Court IDV Part.
*678 It should be noted that the defendant also argues that a grant of transfer authority to the Supreme Court IDV Part to hear a sole count of a violation level offense prosecuted by information would be an “improper use of the Court’s resources” as the court should be exercising its authority over “more serious” offenses only. The straightforward language of part 41 of the Rules of the Chief Judge grants broad transfer authority to the IDV Part and does not limit the IDV Part’s transfer authority to only misdemeanor and felony level offenses. This rule applies to any “domestic violence case” pending in a criminal court as domestic violence cases inherently require serious review by the court, regardless of the level of the offense charged given the difficult nature of these matters, especially if the allegations contained in the accusatory instrument are ultimately proved beyond a reasonable doubt.
Subject Matter Jurisdiction
The defendant in this case is charged in an information with a sole count of a violation level offense, and much like the defendants in Correa who were charged with misdemeanor level offenses, the defendant in this matter asserts that there are statutory restrictions imposed on the Supreme Court by the legislature that would prevent the Supreme Court IDV Part from exercising jurisdiction over the case given the provisions of CPL 210.05 and 10.20 (1) (c). Defendant argues that these provisions statutorily limit the Supreme Court’s jurisdiction to hear a sole count, violation level offense charged by information, unless it is prosecuted by superior court information or indictment.
As the Court of Appeals in Correa noted “[tjhere is no question that the Criminal Procedure Law generally contemplates that violations and misdemeanors will be tried in local criminal courts” (People v Correa, 15 NY3d 213, 227 [2010]). However the Correa Court further stated that if the provisions of the CPL were interpreted to limit the Supreme Court’s broad jurisdiction conferred by the Constitution of the State of New York “a significant constitutional issue would be presented because we have made clear in other contexts that ‘[t]he Legislature cannot by statute deprive [Supreme Court] of one particle of its jurisdiction, derived from the Constitution (Art. VI), although it may grant concurrent jurisdiction to some other court.’ ” (People v Correa, 15 NY3d 213, 229 [2010], quoting Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 339 [1993], quoting *679 Matter of Malloy, 278 NY 429, 432 [1938].) It is also well settled that with regard to the Supreme Court that “any effort by the Legislature to ‘abridge, limit or qualify’ the broad jurisdiction conferred under article VI, § 7 would be ‘unconstitutional and void’ ” (People v Correa, 15 NY3d 213, 229 [2010], quoting People v Darling, 50 AD2d 1038, 1038 [3d Dept 1975]).
As also noted by the Court of Appeals in Correa, the Third Department in People v Darling (50 AD2d 1038, 1038 [1975]) stated that
“[a]rticle VI (§ 7, subd a) of the New York State Constitution provides in pertinent part that the Supreme Court ‘shall have general original jurisdiction in law and equity’ and the immense jurisdictional power of the Supreme Court has been characterized as ‘original, unlimited and unqualified.’ As such, it is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed and any attempt by the Legislature to abridge, limit or qualify this broad jurisdiction of the Supreme Court is unconstitutional and void. Not even the circumstance that another court has been given jurisdiction can deprive the Supreme Court of its general jurisdiction in law and equity.” (Citations omitted.)
The Supreme Court IDV Part possesses the power to transfer domestic violence matters to itself from a criminal court to promote the administration of justice pursuant to the Rules of the Chief Judge, part 41, the Constitution of the State of New York, article VI, § 19 and the legislative authority of Judiciary Law § 211 (1) (a). Additionally, once the matters have been transferred to the IDV Part the court then possesses the subject matter jurisdiction to hear all matters that it transfers by that same constitutional authority and the authority conferred upon the Supreme Court pursuant to the Constitution of the State of New York, article VI, § 7.
The Supreme Court IDV Part’s subject matter jurisdiction to hear and dispose of “domestic violence matters” most certainly includes stand-alone violation level offenses that are transferred into the IDV Part by the issuance of a Supreme Court IDV Part transfer order. A determination that the provisions of the CPL divest Supreme Court of its power to dismiss or try petty offenses and/or a determination that the CPL requires that a local criminal court has exclusive jurisdiction over a violation level offense, would render the provisions of the *680 CPL unconstitutional and void. Such a determination would be inconsistent with the delegation of authority to the Supreme Court by the Constitution of the State of New York (NY Const, art VI, § 7 [a]) and the intent of the Rules of the Chief Judge, part 41.
Accordingly, this court determines that the Supreme Court IDV Part has the authority to transfer a sole count of a violation level offense charged in an information to the Supreme Court IDV Part, and also has the requisite subject matter jurisdiction to dismiss or try the matter. Based upon the foregoing, the defendant’s motion to dismiss is hereby denied.