Jack Stanislaw, J.
The defendant obtained a Nevada divorce. Her husband, former or otherwise, brought this action to set aside that allegedly void divorce. Defendant now moves for support for the two infant issue of the marriage and for counsel fees and other expenses she requires to defend the action.
Unanimity in the reported decisions on the arguments made here is lacking to the point of confusion. On the one hand it has been theorized that a wife can hardly be paid for defending the validity of a foreign divorce decree she unilaterally initiated and obtained (Epstein v. Epstein, 189 Misc. 978; Klosner v. Klosner, 145 N. Y. S. 2d 438; Swertz v. Swertz, 28 Misc 2d 904; Harris v. Harris, 279 App. Div. 542). Other holdings viewed a plaintiff’s action as casting an unwarranted burden upon the wife in forcing her to defend the validity of what she had done (Marinelli v. Marinelli, 280 App. Div. 997; Rudy v. Rudy, 119 N. Y. S. 2d 706; Marcus v. Marcus, 274 App. Div. 805).
Two distinct concepts are represented in these conflicting cases. The one would deem the foreign decree valid at least initially, thereby placing the former wife as beyond the benefits available to wives involved in actions generally matrimonial in nature. The other places the shoe on the other foot and perceives the availability of relief since the husband is, in effect, asserting the continuing validity of the marriage by the very nature of his lawsuit.
The revised Domestic Relations Law (§ 237), fails to include an action such as this one in which a husband may be directed to pay his wife’s legal and related expenses. If the parties’ positions were reversed the statute specifically provides for this relief as available to a wife. However, we must view the omission by the Legislature as to this situation as purposeful, especially in view of the pre-existing judicial differences.
Plaintiff shall, however, pay defendant the sum of $50 weekly for support and maintenance of the two children pending the outcome of this action. We are not inclined to penalize these infants while their parents litigate.
The motion is denied in part and granted in part,,as.indicated herein.