■ CANDIDO L. VAZQUEZ, Appellant, v. JOANNE VAZQUEZ, Respondent.— In an action by a former husband to declare invalid a Nevada decree of divorce obtained by his former wife, the husband appeals from so much of an order of the Supreme Court, Suffolk County, entered February 16, 1966, upon rehearing of the wife's motion for counsel fees, expenses, and temporary support for the infant children of the marriage, as adheres to the court's prior decision directing the husband to pay $50 a week for the children's support. Order, insofar as appealed from, affirmed, without costs. The husband challenges the order solely on the ground that, in an action by him to declare the invalidity of a foreign divorce obtained by his wife, the Supreme Court is without jurisdiction to grant an order directing him to support his children. He contends that

section 240 of the Domestic Relations Law, dealing with the custody and maintenance of children, omits any mention of this type of action, and that, therefore, the power of the Supreme Court to direct the support of the children is negated, citing *Langerman* v. *Langerman* (303 N. Y. 465), and *Gontaryk* v. *Gontaryk* (20 A D 2d 633). There are factual differences between *Langerman* and this case, but unquestionably *Langerman* holds that the Supreme Court may grant support to children only when statutory power is specifically present (*Langerman* v. *Langerman, supra,* p. 471). That case, however, was decided before the amendment to the State Constitution, reorganizing the court structure, and depended on the language of the then-existing Constitution for its determination. *Gontaryk,* moreover, was decided on the basis of the provisions of the Civil Practice Act, and did not take account of the changes in the law wrought by both court reorganization and the CPLR. The present Constitution endows the Supreme Court with general *original* jurisdiction in law and equity, and it provides that " If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings," even though the legislature provides that other courts may have jurisdiction over the same actions and proceedings (N. Y. Const., art. VI, § 7, subds. a, c). In contrast, the constitutional provision, prior to approval by the people of the amendment, stated simply that " The supreme court is continued with general jurisdiction in law and equity " (N. Y. Const., former art. VI, § 1), without any reference to *original* jurisdiction. Thus the amendment gave broader and more comprehensive powers to the Supreme Court and did not confine its jurisdiction to those areas in which traditionally it had exercised its powers. In adopting the amendments to the Domestic Relations Law following court reorganization and simultaneously with the enactment of the CPLR, the Legislature framed the statutory power of the Supreme Court so as to grant counsel fees in an action to declare a foreign divorce a nullity, but, in authorizing the Supreme Court to grant support for children, omitted any reference to such an action (cf. Domestic Relations Law, §§ 237, 240). The omission would seem an inadvertence, for otherwise the nature of the actions described in the two sections of the law is precisely the same, with the added power conferred on the Supreme Court to grant support to children in habeas corpus or custody proceedings (Domestic Relations Law, § 240). In any event, we think that the Constitution and statutes now authorize the Supreme Court to issue directions for the support of children in any appropriate action, whenever that question arises. In addition to the constitutional provisions to which we have referred, *supra* (N. Y. Const., art. VI, § 7, subds. a, c), the Constitution provides that the power of the Family Court to grant support for dependents does not impair or limit the jurisdiction of the Supreme Court (N. Y. Const., art. VI, § 13, subds. b, d). Though the Legislature, in implementing the constitutional power of the Supreme Court, first apparently confines that court's jurisdiction to that possessed by the Supreme Court of the Colony of New York and the Court of Chancery in England on July 4, 1776, it then provides the expanding language " with the exceptions, *additions* and limitations created and imposed by the constitution and laws of the state." (Judiciary Law, § 140-b; (emphasis supplied.) Moreover, though the legislature gave " exclusive original jurisdiction " over support proceedings to the Family Court (Family Court Act, § 411), it also defined that jurisdiction to mean that such proceedings originate in the Family Court, and that such provisions shall not impair the constitutional jurisdiction of the Supreme Court (Family Court Act, § 114; cf. *Matter of MacLaren,* 283 App. Div. 817; *Matter of Caposella,* 255 App. Div. 987). We hold, therefore, that there is concurrent jurisdiction in the Supreme Court with the Family Court to direct support for children in any

appropriate action, whenever that issue may arise, and that the constitutional power cannot be diluted by the Legislature in the creation of new proceedings in the Family Court (cf. *Kaminsky* v. *Kahn*, 23 A D 2d 231, 236). We consider an action to declare the invalidity of a foreign divorce an appropriate action for the determination of the support of children, since such an action is a matrimonial action as defined by statute (CPLR, 105, subd. [m]). When the obligation of the father to the child is clear, it is both efficient and desirable court administration that the Supreme Court not be restricted by technical reasons based on historical grounds to grant proper relief in an appropriate action; the sweep of the power granted to the Supreme Court by the people under court reorganization and the nature of the unified court system effectuated by the Constitution demand that the obligation be enforced without delay and without requiring the institution of a new proceeding in the Family Court. We do not say that there will not be occasions when in the exercise of discretion the Supreme Court may refuse to grant support, but here the exercise of discretion was proper. Christ, Acting P. J., Hopkins and Benjamin, JJ., concur; Brennan and Hill, JJ., dissent and vote to reverse the order, insofar as appealed from, and to deny the motion for temporary support of the infant issue of the marriage, with the following memorandum: In our opinion, in the type of action here involved, no authority is conferred upon the Supreme Court of this State to make provision for the support of infant issue of the marriage pending the determination of such action (see Domestic Relations Law, § 240; Family Ct. Act, art. 4; *Langerman* v. *Langerman*, 303 N. Y. 465; *Gontaryk* v. *Gontaryk*, 20 A D 2d 633). [48 Misc 2d 467.]