■ In the Matter of FRIENDS WORLD COLLEGE, Respondent, v GEORGE NICKLIN et al., Appellants. [671 NYS2d 489] —In a proceeding pursuant to Not-For-Profit Corporation Law § 511 for leave to sell certain real property, the appeal is from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated November 25, 1996, which, *inter alia,* granted the petition, (2) an order of the same court, dated January 28, 1997, which

denied the appellants' motion for reargument, and (3) a judgment of the same court, entered February 4, 1997, which, *inter alia*, granted leave to sell the subject property.

Ordered that the appeal from the order dated November 25, 1996, is dismissed; and it is further,

Ordered that the appeal from the order dated January 28, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order dated November 25, 1996, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In this special proceeding pursuant to Not-For-Profit Corporation Law § 511, Friends World College (hereinafter the College) sought leave to dispose of 29.1 acres of waterfront property in Lloyd Harbor, Long Island, which was formerly part of the College campus. The Supreme Court properly granted the College's motion to strike the appellants' answer on the ground that they did not have standing to challenge the proposed sale because they were not trustees, officers, or directors of the College. Contrary to the appellants' contention, the court properly determined the issue of standing without a hearing. In a special proceeding, where no triable issues of fact are raised, the court must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it (*see,* CPLR 409 [b]; *Matter of Bahar v Schwartzreich,* 204 AD2d 441, 443).

In addition, the College satisfied the two-prong test set forth in Not-For-Profit Corporation Law § 511 (d) by showing that (1) the consideration and terms of the transaction were fair and reasonable and (2) the transaction promoted the interest of the College by enabling it to pay its debts. Accordingly, we conclude that the petition was properly granted. Lastly, notwithstanding the appellants' attempt to recharacterize their motion for reargument as one for renewal, the motion merely reiterated arguments previously rejected by the court in connection with the earlier motion. Inasmuch as no appeal lies from an order denying reargument, the appeal from the order dated January 28, 1997, must be dismissed (*see, Marine*

*Midland Bank v Freedom Rd. Realty Assocs.*, 203 AD2d 538, 539). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.