■ In the Matter of ACCESS LENDING CORPORATION, Respondent, v ALA ASSOCIATES et al., Appellants. [756 NYS2d 434] —In a purported proceeding pursuant to Debtor and Creditor Law article 10 to set aside a transfer as fraudulent, ALA Associates

and Sarah L. Hollinger appeal from a judgment of the Supreme Court, Nassau County (Joseph, J.), entered January 10, 2002, which, upon an order of the same court dated October 15, 2001, granting the petition, is in favor of the petitioner and against them in the principal sum of $551,687.42.

Ordered that the proceeding is converted to an action to set aside a transfer as fraudulent, the order to show cause is deemed to be the summons, and the petition is deemed to be the complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioner demonstrated by clear and convincing evidence that Andre Hollinger's 1997 transfer of his partnership interest in ALA Associates to his wife Sarah L. Hollinger was a fraudulent conveyance (*see* Debtor and Creditor Law § 276; *Marine Midland Bank v Murkoff,* 120 AD2d 122 [1986]; *compare MFS / Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co.,* 910 F Supp 913 [1995]). In opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law, the appellants were required to demonstrate the existence of a triable issue of fact. The appellants failed to do so, and thus, judgment was properly entered in the petitioner's favor for the relief requested in the petition (*see* CPLR 409 [b]; Debtor and Creditor Law § 276; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Matter of Friends World Coll. v Nicklin,* 249 AD2d 393 [1998]; *Marine Midland Bank v Murkoff, supra*).

The appellants' remaining contentions are raised for the first time on appeal and, in any event, are without merit. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.