299 Assoc., L.P. v Mertens (2021 NY Slip Op 50932(U))

[*1]

299 Assoc., L.P. v Mertens

2021 NY Slip Op 50932(U) [73 Misc 3d 129(A)]

Decided on October 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler JJ.

570102/21

299 Associates, L.P.,
Petitioner-Landlord-Respondent,
against
Alexander Dissel Francis Mertens as Administrator of the Estate of
Alexander Mertens, a/k/a Alexander Dissel Mertens, Jr., a/k/a Alex Mertens, Deceased,
Respondent-Tenant, and John Mertens, Respondent-Occupant-Appellant, and "John and/or Jane
Does," Respondents-Occupants.

Respondent John Mertens appeals from (1) a "decision and order" of the Civil Court of the
City of New York, New York County (Timmie Erin Elsner, J.), entered on or about April 23,
2020, and (2) a final judgment and amended final judgment (same court and Judge), each entered
March 19, 2021, after a nonjury trial, awarding possession to petitioner in a holdover summary
proceeding.

Per Curiam.
Amended final judgment (Timmie Erin Elsner, J.), entered March 19, 2021, affirmed, with
$25 costs. Appeals from "decision and order" (Timmie Erin Elsner, J.), entered on or about April
23, 2020, and final judgment (Timmie Erin Elsner, J.), entered March 19, 2021, dismissed,
without costs, as subsumed in and superseded by, respectively, the appeal from the amended final
judgment.
We agree with the trial court that respondent John Mertens, the son of the rent stabilized
tenant, failed to meet his affirmative obligation to establish succession rights to the subject
apartment (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]; 318 E. 93 v
Ward, 276 AD2d 277 [2000]). Our review of the record shows no reason to disturb the fact
and credibility [*2]determinations of the trial Judge, who was in
the best position to assess the value of the witnesses' testimony (see Claridge Gardens v
Menotti, 160 AD2d 544, 544—545 [1990]). While the absence of documentary
evidence is not fatal to respondent's succession claim (see 300 E. 34th St. Co. v Habeeb,
248 AD2d 50, 55 [1997]), the testimony of respondent, which the trial court found to "lack[]
credibility," was insufficient to overcome the complete paucity of documentary evidence
connecting respondent to the apartment for actual living purposes for the two years prior to
tenant's death (see K & L Chan
Realty Inc. v Lee, 67 Misc 3d 130[A], 2020 NY Slip Op 50415[U] [App Term, 1st Dept
2020]). Tenant's efforts to "explain away" some of the facts and circumstances "merely raise[d]
questions of fact and credibility for the trial court" (409-411 Sixth St. LLC v Mogi, 112 AD3d 558, 559 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 1, 2021