Ink 967-969 Willoughby, LLC v Cordero (2022 NY Slip Op 50063(U))

[*1]

Ink 967-969 Willoughby, LLC v Cordero

2022 NY Slip Op 50063(U) [74 Misc 3d 128(A)]

Decided on January 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-109 K C

Ink 967-969 Willoughby, LLC, Appellant,
against
Sol Nora Cordero, Respondent. 

The Price Law Firm, LLC (Joshua C. Price and Jennifer Milosavljevic of counsel), for appellant.
NYLAG-Tenant Protection Unit (Raphael I. Ruttenberg of counsel), for respondent (no brief
filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Thomas M.
Fitzpatrick, J.), dated May 17, 2020. The order, insofar as appealed from as limited by the brief,
dismissed the petition with prejudice, pursuant to, in effect, CPLR 409 (b), in a holdover
summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this holdover proceeding based upon tenant's failure to renew the lease (see Rent
Stabilization Code [RSC] [9 NYCRR] § 2524.3 [f]), it was undisputed that tenant was not
given the option of a one-year or two-year lease for her initial, vacancy lease and that such lease
did not contain a rent stabilization rider. The Civil Court dismissed the petition, in effect
pursuant to CPLR 409 (b), because landlord's predecessor was not entitled to the 18% vacancy
increase added to the legal regulated rent in tenant's initial lease (see RSC §§
2522.5, 2522.8; Housing Dev. Assoc.
LLC v Gilpatrick, 27 Misc 3d 134[A], 2010 NY Slip Op 50740[U] [App Term, 1st Dept
2010]). As landlord has not established that it was entitled to collect a vacancy increase [*2](see RSC § 2522.5 [c] [3]) and the subsequent
increases in the legal regulated rent were based upon the improper initial rent, tenant properly
refused to sign the offered renewal lease and a holdover proceeding for failure to renew does not
lie.
We reach no other issue.
Accordingly, the order, insofar as appealed from, is affirmed. 
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 28, 2022