5539-181 & 182 Prospect Park W. Brooklyn, LLC v Caseres (2022 NY Slip Op
50062(U))

[*1]

5539-181 & 182 Prospect Park W. Brooklyn, LLC v Caseres

2022 NY Slip Op 50062(U) [74 Misc 3d 128(A)]

Decided on January 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-608 K C

5539-181 and 182 Prospect Park West
Brooklyn, LLC, Respondent, 
against
Miguel Angel Lopez Caseres, Tenant, Miguel A. Lopez, Jr.,
Appellant, John Doe and Jane Doe, Undertenants. 

Brooklyn Defender Services (Alexandra Dougherty and Anca Grigore of counsel), for appellant.
Rivkin Radler, LLP (Jeremy B. Honig and Erez Glambosky of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Jeannine B. Kuzniewski, J.), entered August 2, 2019. The final judgment, after a nonjury trial,
awarded landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding to recover possession of a rent-controlled apartment after tenant
permanently vacated, occupant Miguel A. Lopez, Jr., tenant's son, claimed succession rights to
the apartment. Occupant asserted, among other things, that he lived in the apartment while
growing up and had never left. Occupant claimed that he resided in the apartment with his father
for at least two years prior to his father's vacating the premises in 2009. The trial court found that
occupant did not demonstrate that he resided in the premises for the requisite two-year period so
as to be entitled to succession rights (see NY City Rent and Eviction Regulations [9
NYCRR] § 2204.6 [d] [1]). 
The determination of a trier of fact as to issues of credibility is given substantial deference,
as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses
affords it a better perspective from which to assess their credibility (see Northern Westchester
Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d
1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]). Here, the Civil Court found that occupant's
testimony lacked credibility, and there was insufficient documentary evidence to connect
occupant to the apartment for actual living purposes for the relevant two-year period (see 299 Assoc., L.P. v Mertens, 73
Misc 3d 129[A], 2021 NY Slip Op 50932[U] [App Term, 1st Dept 2021]; K & L Chan Realty Inc. v Lee, 67
Misc 3d 130[A], 2020 NY Slip Op 50415[U] [App Term, 1st Dept 2020]). As the Civil
Court's determination is supported by the record, there is no basis to disturb it.
Occupant's remaining arguments are without merit.
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 28, 2022