HLP1 MRU LLC v Qriqib (2025 NY Slip Op 50071(U))

[*1]

HLP1 MRU LLC v Qriqib

2025 NY Slip Op 50071(U)

Decided on January 24, 2025

Civil Court Of The City Of New York, Queens County

Kitson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 24, 2025
Civil Court of the City of New York, Queens County

HLP1 MRU LLC, Petitioner,

against
Amine Qriqib, John Doe and Jane Doe, Respondents.

Index No. LT-316882-22/QU

Counsel for Petitioner
Belkin Burden Goldman, LLP 
One Grand Central Place 
60 East 42nd Street - 16th Floor
New York, New York 10165 
Counsel for Respondent
Drobenko & Associates, P.C.
25-84 Steinway Street
Astoria, New York 11103

Vijay M. Kitson, J.

Recitation, as required by CPLR § 2219(A), of the papers considered in the review of this Order to Show Cause:
Papers Numbered [NYSCEF Doc. No.]
Order to Show Cause (Mot Seq 2), Annexed Affirmations/Exhibits 15 through 25
Opposition Papers 28, 29, 30
Reply 31
Upon the foregoing cited papers, the Decision/Order on Petitioner's Order to Show Cause (Seq. No. 2) in this proceeding is as follows:
HLP1 MRU LLC (Petitioner) commenced this summary holdover proceeding against Amine Qriqib (Respondent), alleging Respondent has failed to renew her Rent Stabilized lease, seeking to recover possession of Apt. PH3 in the building known as 10 Halletts Point a/k/a 26-01 1st Street, Astoria, New York 11102 (premises) upon service and filing of the Petition (NY St Cts [*2]Elec Filing [NYSCEF] Doc. No. 1), the Notice of Petition (NYSCEF Doc. No. 3), and the affidavit of service for the Notice of Petition and Petition (NYSCEF Doc. No. 4) on November 3, 2022.
The proceeding was calendared for a pre-trial conference and adjourned to November 14, 2023 for inquest as Respondent failed to appear. On November 14, 2023, Respondent appeared and the matter was adjourned to January 31, 2024 for trial. The court issued an order allowing Petitioner to submit an order to show cause seeking summary determination/summary judgment after November 20, 2023, but no later than January 10, 2024 (NYSCEF Doc. No. 14). Respondent was also required to interpose an Answer on or before November 20, 2023 or it would have been deemed a general denial (NYSCEF Doc. No. 14). Respondent failed to interpose an Answer.
On November 28, 2024 Petitioner filed an order to show cause seeking a) summary judgment/determination in favor or Petitioner against Respondents pursuant to CPLR §§ 409(b) and 3212; b) a final judgment of possession against Respondents, along with the forthwith issuance and execution of the warrant of eviction; and c) any such other and further relief the court may deem just and proper.
Petitioner's order to show cause was made returnable on December 22, 2023. On December 22, 2023, Petitioner's order to show cause was adjourned to January 19, 2023. Opposition was to be filed on or before January 12, 2023 and Reply, if any, by January 18, 2024 (NYSCEF Doc No. 26). On January 19, 2023, Petitioner's order to show cause was adjourned to January 25, 2023. Any Opposition to be filed on or before January 23, 2024, and Reply, if any, by the return date. Parties were permitted to submit any additional information regarding electronic renewal lease offers in their Reply, even if not originally referenced in the original moving papers (NYSCEF Doc No. 27). On January 23, 2024, Respondent's counsel filed Opposition (NYSCEF Doc. No. 28 - 29). On January 24, 2024, Petitioner filed their Reply (NYSCEF Doc. No. 30 - 31). On January 25, 2024, Petitioner's order to show cause was adjourned to February 9, 2024 as a control date and the trial date of January 31, 2024, was cancelled (NYSCEF Doc. No. 32). Petitioner's order to show cause was marked submitted (NYSCEF Doc. No. 33) on February 9, 2024. The parties were engaged in settlement discussions and advised the court that they were attempting to resolve the dispute out of court. However, the parties notified the court by email dated June 25, 2024 that a decision on the instant motion was required as settlement talks had fallen through.
Petitioner argues it has proven its prima facie burden and is entitled to summary judgment/determination. In support of its motion Petitioner submits an affidavit from Dan Mogolesko (NYSCEF Doc No. 17) detailing the facts and circumstances surrounding the proceeding and laying the evidentiary foundation for the documents submitted in their motion. Petitioner attaches in admissible form the initial Lease Agreement between Petitioner and Respondent; the Division of Housing and Community Renewal (DHCR) Rent Registration history; Petitioner's Renewal Lease offer with proof of emailing dated June 30, 2022; and a Rent Ledger, dated November 7, 2023.
In opposition, Respondent argues that Petitioner's motion must be denied because Petitioner failed to provide Respondent with an "Electronic Lease Offer: Tenant's Voluntary Consent Form - EL-TVC," which is a prerequisite to sending a Renewal Lease electronically. Thus, as Respondent asserts, Petitioner failed to offer Respondent a Renewal Form in accordance with DHCR requirements, and the proceeding must be dismissed. Respondent's [*3]opposition papers do not include an affidavit or affirmation of personal knowledge from Respondent.
In Reply, Petitioner argues that the DHCR Form and Operation Bulletin 2022-1, requiring the Voluntary Consent Form, was issued more than a year after the initial Lease Agreement between the parties, and thus, it was impossible for the consent notice to have been presented to Respondent.
The sole issue before the court is whether Petitioner's email of the rent stabilized lease renewal offer to Respondent on June 30, 2022 constituted a valid offer of a rent stabilized lease renewal.
In pertinent part, 9 NYCRR 2523.5(a) states:
"On a form prescribed or a facsimile of such form approved by the DHCR, dated by the owner, every owner, other than an owner of hotel accommodations, shall notify the tenant named in the expiring lease not more than 150 days and not less than 90 days prior to the end of the tenant's lease term, by mail or personal delivery, of the expiration of the lease term, and offer to renew the lease or rental agreement at the legal regulated rent permitted for such renewal lease and otherwise on the same terms and conditions as the expiring lease. The owner shall give such tenant a period of 60 days from the date of service of such notice to accept the offer and renew such lease."
Effective September 14, 2004, the New York State Legislature enacted New York State Technology Law (State Technology Law) § 309, stating: "Nothing in this article shall require any entity or person to use an electronic record or an electronic signature unless otherwise provided by law."
Taking into consideration State Technology Law § 309, the New York State Legislature enacted Public Housing Law § 19-a titled "Electronic lease regulations" effective December 21, 2021. (L.2021, c. 677, § 1, amended L.2022, c. 74, §1) Public Housing Law § 19-a states:
1. "The commissioner [of housing and community renewal], in consultation with the electronic facilitator as defined in section three hundred three of the state technology law, shall promulgate rules and regulations authorizing the use of electronic records or signatures on a voluntary basis by tenants for residential leases and lease renewals of units for which the owner is required to file annual registration statements, pursuant to either section twelve-a of the emergency tenant protection act of nineteen seventy-four or section 26-517 of the administrative code of the city of New York, in a manner that conforms with the requirements of article three of the state technology law.
2. Such rules and regulations shall include, but not be limited to, procedures regarding notification to tenants regarding affirmative consent to the use of electronic records and that the use of electronic records and signatures is voluntary pursuant to section three hundred nine of the state technology law.
3. The division shall also develop a form in the top six languages other than English spoken in the state according to the latest available data from the U.S. Bureau of Census that confirms a tenant's affirmative consent to the use of electronic records. Such form shall clearly state the requirement that the use of electronic records and signatures is voluntary and cannot be required by a landlord, cite the relevant parts of the electronic signatures and records act, and require that copies of this signed consent form be provided to the tenant. No electronic records shall be accepted by any court or any unit of [*4]the division unless such consent form is provided to such courts or the division."
Finally, pursuant to Public Housing Law § 19-a, on March 25, 2022, the DHCR issued Operational Bulletin 2022-1 (Operational Bulletin) and promulgated form EL-TVC titled "Electronic Lease Offer: Tenant's voluntary Consent."[FN1]
The "instructions" section of the Operational Bulletin states:
"Owners are not required by law to offer leases electronically nor can they require a tenant to sign the consent form. Owners who choose to offer an electronic lease must obtain the tenant's voluntary written consent on the EL-TVC Electronic Lease Offer: Tenant's Voluntary Consent Form.
Owners who choose to offer electronic leases are required to complete the form, sign it electronically or manually and serve it on the tenant by email, placement in an electronic portal, or by personal service/postal mail, if necessary, and the tenant can voluntarily agree to the offer and acceptance of a lease or lease renewal.
The content of the DHCR form cannot be changed; however, changes in formatting are acceptable based on related software limitations. Tenants may sign the consent form electronically and return it electronically or if necessary, sign the consent form manually and return the form to the owner by postal mail or personal service. If there are multiple tenants named on the lease, other than spouses or domestic partners, each tenant must provide their signature to authorize consent to the electronic offer provided by the owner."
In the "lease forms and riders" section of the Operational Bulletin, it states:
"However, Owners MUST USE DHCR-promulgated lease renewal forms. In NYC, the DHCR form is the Renewal Lease Form (RTP-8) and in the ETPA counties the form is ETPA Renewal Lease Form (RTP-8 ETPA). Copies of such forms may be made by owners. Further, to account for the placement of electronic signatures and related software limitations, formatting may be adapted but the content may not be changed.
As a part of consent, the form requires that owners and tenants provide their respective email addresses. The email addresses provided may be changed upon subsequent notice if an alternative email address needs to be used for the purpose of executing the lease offer. Tenants who choose not to provide consent will not be deprived of any rights under the rent laws and regulations. The consent given in this form will apply to all subsequent lease renewal offers during the tenant's tenancy. Both owners and tenants retain the right to opt out of future electronic lease offerings by providing written notice to the other party. Should either owner or tenant information change, both owners and tenants are required to provide written notice to the other party and a new consent form should be completed with the new information."
Simply, absent a tenant's informed consent to receive Rent Stabilized Lease Renewal Offers electronically, a landlord is relegated to offering a Renewal Lease via the methods authorized by 9 NYCRR 2523.5(a) - by mail or personal delivery. Here, Petitioner has only [*5]presented proof that they offered Respondent the Rent Stabilized Lease Renewal subject of this proceeding by email on June 30, 2022. Petitioner claims the terms of the initial lease between Petitioner and Respondent authorized a Renewal offer by such means (see Affidavit of Dan Mogolesko — NYSCEF Doc No. 17 ¶8; Exhibit 1 — NYSCEF Doc No. 18 pp. 48 ¶¶ 2, 8). However, any agreement by the tenant to waive the benefit of any provision of the Rent Stabilization Law or Code is void. (See 9 NYCRR 2520.13; Liggett v Lew Realty LLC, 42 NY3d 415 [2024] ["It is well settled that an agreement waiving a benefit of the rent stabilization laws is void as against public policy"]; Drucker v Mauro, 30 AD3d 37 [1st Dept 2006] ["Any lease provision that subverts a protection afforded by the rent stabilization scheme is not merely voidable, but void"]; Matter of 125 Ct. St., LLC v Nicholson, 184 NYS.3d 831 [2d Dept 2023]; 97-101 Realty, LLC v Sanchez, 66 Misc 3d 30 [App Term, 2d Dept, 2d, 11th &13th Jud Dists 2020]) Where a renewal offer does not comport with the Rent Stabilization Code, a cause of action for failure to renew does not lie. (see Ink 967-969 Willoughby, LLC v. Cordero, 74 Misc 3d 128[A], 2022 NY Slip Op 50063[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Haberman v. Neumann, 2003 NY Slip Op 50031[U] [App Term, 1st Dept 2003])
CPLR § 3212 (b) provides that a motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." The moving party has the initial burden of establishing a prima facie showing that it is entitled to summary judgment as a matter of law and that no material issues of triable fact exist. (See Friends of Animals, Inc. v. Associated Fur Mfrs., 46 NY2d 1065, 1067-68 [1979]). Once this burden has been met, the burden shifts to the party opposing the motion to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or [to] demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient," (Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]). The function of the summary judgment procedure is issue finding, not issue determination. (Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). As Petitioner has failed to demonstrate it has validly offered Respondent a Rent Stabilized Renewal offer, their motion for summary judgment must be denied.
CPLR § 409(b) provides:
"The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. The court may make any orders permitted on a motion for summary judgment."
In a special proceeding, where no triable issues of fact are raised, the court must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it. (Friends World Coll. v Nicklin, 249 AD2d 393, 394 [2d Dept 1998] citing Matter of Bahar v Schwartzreich, 204 AD2d 441; CPLR 409 [b]). CPLR 409(b) does not require the joinder of issue as a condition precedent to granting summary determination. (HLP1 MRU LLC v Ishrak, 79 Misc 3d 1239[A], 2023 NY Slip Op 50837[U] [Civ Ct, Queens County 2023])
The court makes summary determination pursuant to CPLR 409(b) as follows. Petitioner has relied solely on email as the method by which it served Respondent with an offer of a Rent Stabilized Renewal Lease. Petitioner does not dispute that it failed to serve the Renewal offer [*6]either personally, or by mail, or that Respondent never executed the required DHCR form EL-TVC authorizing email service of the renewal offer. DHCR had promulgated form EL-TVC three months prior to Petitioner making the electronic offer of the Rent Stabilized Renewal Lease to Respondent. Therefore, Petitioner has failed to offer Respondent a valid offer of a Rent Stabilized Renewal Lease, and as such, failed to satisfy a condition precedent to the commencement of this summary holdover proceeding.
Accordingly, it is:
ORDERED that Petitioner's Order to Show Cause for Summary Judgment pursuant to CPLR § 3212 is denied in its entirety; and it is
ORDERED that pursuant to CPLR 409(b) the Petition is dismissed.
This constitutes the decision and order of the court.
Dated: January 24, 2025
Queens, NY
HON. VIJAY M. KITSON
Judge, Housing Court

Footnotes

Footnote 1:(https://hcr.ny.gov/system/files/documents/2022/04/operational-bulletin-2022-1.pdf)