C.R. v G.M. (2025 NY Slip Op 51054(U))

[*1]

C.R. v G.M.

2025 NY Slip Op 51054(U)

Decided on June 23, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2025
Supreme Court, Westchester County

C.R., Plaintiff,

against
G.M., Defendant.

Index No. XXXXX

Plaintiff — Self-Represented 
Defendant - Self-Represented

James L. Hyer, J.

The following documents were considered in connection with Petitioner's petition, dated May 23, 2025, (hereinafter "Petition"), seeking the entry of an Order granting the following relief:
1. I am requesting that my Family Court support case, custody and visitation, be transferred to Supreme Court of Westchester County for final determination. There are other cases in the Supreme Court that relate to the final outcome see Index Number XXXX XXXX v. XXXX and Index Number XXXX XXXX v. XXXX and all are an integral part of settling my family court matters; and
2. Granting such other and further relief as this Court may deem just and proper.
PAPERS NUMBERED
Petition/Notice of Petition [FN1]
1-2
Relevant Background and Procedural History
On May 23, 2025, the Petitioner filed the Petition seeking the above-referenced relief including the transfer of his pending proceedings before the New York State Family Court to the New York State Supreme Court including those commenced under Family Court File Number XXXX; and Docket Numbers XXXX, XXXX, XXXX, XXXX (hereinafter "Family Court Proceedings"). The Petition was made returnable on June 5, 2025.
In support of his application, Petitioner submitted an affirmation which provides a summary of the Family Court proceedings dating back to June of 2023 including the following as a basis for the requested transfer:
"I am requesting that my case for child support be transferred to the Supreme Court because in order to resolve all of the issues of the child support matter, there are other cases in the Supreme Court that need to be consolidated and addressed such as Index # XXXX, a partition action in which my total assets of four co-ownership properties are involved and in which I am requesting a sale so that I have the funds to pay off my debts and my child support arrears. In addition in this matter, the issue of rent of my share of the rents for four properties needs to be addressed since the respondent has been holding my profits so I have been unable to pay my share of child support as well as my issues of her living in one of the homes and not paying rent and keeping my share of the profits of that home. In addition, in Index # XXXX, a stipulation of $31,250 was awarded to me in which I have filed an entry of a judgment and I need that money to pay my child support arrears since I am not able to work and have not worked since August of 2023 based on my mental health issues in which I am suffering from extreme anxiety and depression due to our breakup and the result of not seeing my two children due to the misconduct of G.M.. In addition, G.M. has refused to pay the mortgage on one of the properties located at XXXX in Mamaroneck, New York, resulting in a preliminary foreclosure action started by the law firm Weiss and Weiss. (See exhibit 6). A copy of the initial letter. Only in the Supreme Court can all these issues be addressed, be taken care of, and be consolidated, and these matters can be resolved either by settlement or by trial."[FN2]
On May 28, 2025, and May 29, 2025, Petitioner filed two purported proofs of service.[FN3]

No further submissions pertaining to Motion Sequence No. 10 have been received.
Legal Analysis
I. Request for Transfer of Family Court Proceedings.
a. No Hearing Is Required.
Pursuant to Article 4 of the New York State Civil Practice Law and Rules (hereinafter "CPLR") parties may commence special proceedings for which a Court may make a summary determination "upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR § 409; see also, Friends World College v. Nicklin, 249 AD2d 393 [2d [*2]Dept 1998] "Contrary to the appellants' contention, the court properly determined the issue of standing without a hearing. In a special proceeding, where no triable issues of fact are raised, the court must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it").
Based upon the submissions made to this Court, including the Petition, the Court determines that no need for a hearing exists as no triable issues of fact exist preventing this Court from making a summary determination on the pleadings.
b. Requested Transfer.
"The Family Court is a court of limited jurisdiction and may only exert the "powers granted to it by the State Constitution or by statute" (Capruso v. Kubow, 226 AD3d 680 [2d Dept 2024] [internal citations omitted]). "[T]here is concurrent jurisdiction in the Supreme Court with the Family Court to direct support for children in any appropriate action, whenever that issue may arise, and that the constitutional power cannot be diluted by the legislature in the creation of new proceedings in the Family Court" (Vasquez v. Vasquez, 26 AD2d 701 [2d Dept 1966]). Indeed, the Supreme Court is the "general original jurisdiction in law and equity" (NY Const Art VI, § 7).
"As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice" (NY Const Art VI, § 19). In one case wherein the Supreme Court exercised its constitutional authority to remove from Family Court and transfer to it a pending proceeding the Court provided its reasoning:
"In this instance, prudent and efficient utilization of judicial resources favor such a conclusion. This court is familiar with divorce decree underlying this matter and has handled other pos[t]-judgment applications, and issued a series of orders, none of which have been appealed or modified. The issues presented-modification for visitation and child support—are will within the court's jurisdiction and experience. The matter should be removed to this court." (Jeng v. Barrow-Jeng, 58 Misc 3d 911 [Monroe Sup. Ct. 2018]).
Here, the Court finds removal would not be warranted and must deny the requested relief as it has found that doing so would be improper. Unlike Jeng, Id., this Court is not familiar with the underlying matter as no matrimonial action was ever commenced before it, while the Family Court has been presiding over the Family Court Proceedings for years. Moreover, a review of the two Supreme Court actions the Petitioner claims are entangled with the Family Court Proceedings reflects that this is not the case.
Turning first to XXXX, commenced under Index Number XXXX, (hereinafter "Supreme Court Action #1"), a review of the Court's records confirms that this matter was dismissed, and a recent decision entered less that one month ago denied an application by Petitioner, the Plaintiff in that action, to restore the matter to the Court's calendar. A Decision and Order [Torrent, D] was entered on May 30, 2025, noted:[FN4]

"This matter was assigned to this Part for non-jury trial on February 18, 2025. On that date, both parties appeared with counsel and participated in settlement negotiations. Plaintiff elected to leave the courthouse before proceedings concluded and, despite his attorney's extensive efforts to secure his appearance, plaintiff did not return to Court and did not respond to his attorney's repeated messages. Defendant made an oral application on the record to dismiss the complaint, which was granted, with the dismissal memorialized in the Order dated February 18, 2025 (NYSCEF Doc. #98).
Plaintiff now seeks an order vacating the dismissal and restoring this matter to the calendar. Plaintiff asserts that he left the building because defendant and her counsel threatened to have him arrested for violating an order of protection in connection with his presence in court and communications with defendant on the date of trial. Plaintiffs account is not persuasive, and the purported medical records annexed to plaintiff's affirmation do not support his claim that he was hospitalized on the date in question, as they are not authenticated; those which do appear to bear plaintiff's name are dated January 29, 2025, and those which are dated February 18, 2025 appear to be cell phone screen shots which are so incomplete as to lack any identifying information.
Finally, plaintiff s attorney reported to the Court on the date of trial that plaintiff raised the issue of potentially being in violation of an order of protection by being present and participating in court proceedings, and counsel assured plaintiff that his concerns were not warranted. Furthermore, as all parties and the Court are aware, plaintiff s conduct in absenting himself during the proceedings was not an isolated incident, but rather a continuation of a pattern of conduct which appears designed to prevent finality. The application thus is denied, as plaintiff failed to proffer a reasonable excuse for his default."
Turning to the next Supreme Court action, XXXX, commenced under Index Number XXXX (hereinafter "Supreme Court Action No. 2"), a review of the Court's record reflects that this action was commenced by Petitioner, Plaintiff in that action, and is not active. On the contrary, on April 29, 2024, the filing fees were refunded and pleadings removed from the system. Accordingly, as with Supreme Court Action No. 1, similarly nothing is currently pending before this Court with respect to Supreme Court Action No. 2.
Finally, on April 30, 2024, a third Supreme Court action was commenced, XXXX, commenced under Index Number XXXX (hereinafter "Supreme Court Action No. 3"), wherein the Petitioner in this action is a plaintiff in that action. Two motions were filed in Supreme Court Action No. 3, after which decisions were entered for the first motion denying plaintiff's application for alternate service of the summons and complaint, and the second which denied plaintiff leave to reargue. While Supreme Court Action No. 3. is not referenced in the Petition in this proceeding, like the other two Supreme Court actions it also provides no support for the relief sought in the Petition.
Based upon the submissions made to this Court, this Court determines that no issues exist warranting a hearing and instead denies the application entirely.
2. Other Relief.
To the extent relief has been requested and not granted or otherwise addressed herein, it is hereby denied.
Based upon the foregoing, it is hereby
ORDERED that this Court determines that no issues exist warranting a hearing and [*3]instead denies the application entirely; and it is further
ORDERED that Petitioner shall serve this Decision and Order with Notice of Entry on Respondent by June 27, 2025, and shall file a copy of same with an Affidavit of Service by June 27, 2025; and it is further
ORDERED that to the extent any relief sought has not been granted, it is expressly denied.
The foregoing constitutes the Decision and Order of the Court. 
Dated: June 23, 2025
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:The document filed as "Petition" is captioned "Petitioners Affirmation in Support of a Motion to Transfer His Family Support Case to the Supreme Court of Westchester County" and includes references to several exhibits while no exhibits are annexed to the document or have otherwise been filed with this Court. 

Footnote 2:See, NYSCEF Doc. No. 1 ¶ 4.

Footnote 3:See, NYSCEF Doc. Nos. 5 & 6.

Footnote 4:See, NYSCEF Doc. No. 106, Supreme Court Action #1.